NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 21-1031

WILLIAM A. BAUM,

Appellant

v.

COMMISSIONER SOCIAL SECURITY

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action Nos. 2-19-cv-00421)
District Judge: Honorable Cathy Bissoon

Submitted under Third Circuit LAR 34.1(a)
On September 24, 2021

Before: MCKEE*, RESTREPO, and ROTH, <u>Circuit Judges</u>

(Opinion filed: November 14, 2022)

OPINION*

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

*Judge McKee assumed senior status on October 21, 2022.

ROTH, Circuit Judge

William Baum alleges that his employer, the Social Security Administration (SSA), subjected him to discrimination and retaliation because of his sex and disabilities (ulcerative colitis and liver disease), about which he had previously filed EEOC complaints. The District Court granted the SSA's motion for summary judgment, finding that Baum presented no evidence that the SSA denied him promotions because of his disability or in retaliation for filing EEOC charges. The District Court also held that Baum had not meaningfully refuted any of the SSA's stated non-discriminatory bases for its decisions. We will affirm.

## I.

Baum's claims pertain to his non-selection for two promotions. Baum applied for and was denied a promotion to district manager in his office in Butler, PA. He also applied for and was denied a promotion to assistant district manager in Ambridge, PA. In addition, Baum argued that his subsequent demotion from operations supervisor to claims representative was discriminatory and retaliatory.[1]

---

[1] Baum additionally argued that a 2017 performance review by Amber Mundis was an adverse employment action. Although the SSA argued that any claim based on the performance review was waived, we do not conclude that waiver or forfeiture took place. Nonetheless, we hold that the 2017 review was not an adverse employment action as it was not "serious and tangible enough to alter [Baum's] compensation, terms, conditions, or privileges of employment." *Storey v. Burns Int'l Sec. Servs.*, 390 F.3d 760, 764 (3d Cir. 2004). In fact, Baum's score of a 4.0 out of 5.0 was by no means a bad score, as it meant that he was eligible for a bonus. It also did not result in loss of pay or a demotion. *See Weston v. Pennsylvania*, 251 F.3d 420, 431 (3d Cir. 2001) (holding written reprimands were not adverse employment actions because they had not caused a "material change in the terms or conditions of his employment").

The Butler position became available when Baum's former supervisor, George Ziecina, retired. Baum served as Ziecina's right-hand man. Baum, and at least eight other employees, applied to replace Ziecina. Ziecina's immediate supervisor, Amber Mundis, recommended against Baum's selection. She noted that Baum had difficulties providing honest and timely feedback, collaborating with coworkers, engaging employees, demonstrating leadership, and communicating appropriately and sufficiently. The position ultimately went to a different candidate who outranked Baum in the SSA, had previously served as a district manager, and had received praise for his communication skills. Baum later applied for an assistant district manager position in the Ambridge office. The position again went to someone who had experience in the position and office. Baum was then demoted for sending unprofessional text messages to a coworker.

Baum was upset by his non-promotions and made several inappropriate and potentially threatening remarks in response. The District Court discussed these after-the-fact comments, which Baum now argues amounted to making an improper credibility determination at the summary-judgment stage. In granting summary judgment, the District Court held that Baum had not identified any evidence showing that he was denied promotion in retaliation for filing an EEOC charge. Indeed, Baum failed to show that his supervisor knew he had filed an EEOC charge before passing him over for the first promotion. Baum also failed to cast doubt on the SSA's evidence that he was not promoted because he was less qualified for the position than other candidates.

3

## II.[2]

We review a district court's grant of summary judgment de novo, applying the same standard the district court would use.[3]  Summary judgment is appropriate only if the movant shows that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.[4]

## III.

Title VII prohibits an employer from discriminating against an employee on the basis of race, color, religion, sex, or national origin.[5]  Courts have also determined that Title VII's anti-retaliation protections extend to the federal government.[6] [7]

To state a prima facie case of retaliation, Baum must show that (1) he engaged  in a protected activity, (2) he suffered an adverse employment action, and (3) there was a causal connection between the participation in the protected activity and the adverse action.[8]  A plaintiff seeking to prove his case through indirect evidence, as Baum seeks to

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331, and we exercise appellate jurisdiction under 28 U.S.C. § 1291.
[3] *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 176 (3d Cir. 2019).
[4] FED. R. CIV. P. 56(a).
[5] 42 U.S.C. § 2000e–16(a).
[6] *See id.* § 2000e–3(a); *Komis v. Sec'y of United States Dep't of Lab.*, 918 F.3d 289, 294 (3d Cir. 2019) ("[F]ederal employees may bring claims of retaliation under Title VII.")
[7] Title VII does not protect against discrimination or retaliation based on disability.  On appeal, the SSA maintains that Baum failed to assert a disability-based retaliation claim under the Americans with Disabilities Act, as applied to the federal government through the Rehabilitation Act.  Baum, however, maintains that the SSA understood him to be asserting a claim for retaliation in addition to discrimination under the Rehabilitation Act, as evidenced by their failure to challenge this until appeal.  We need not decide this issue because we will affirm the District Court's order on alternative grounds.
[8] *Moore v. City of Philadelphia*, 461 F.3d 331, 340–41 (3d Cir. 2006)

do here, may do so under the familiar *McDonnell Douglas* burden-shifting framework.[9] After establishing a prima facie case, the burden shifts to the employer to provide a legitimate non-retaliatory reason for its conduct.[10] If it does, the burden shifts back to the plaintiff "to convince the factfinder both that the employer's proffered explanation was false [that is, a pretext], and that retaliation was the real reason for the adverse employment action."[11]

Baum does not establish causation at either stage because he failed to present evidence that his non-selections and demotions were because of any prior, protected EEOC activity. Although Baum maintains that it is possible that Mundis was aware that he had engaged in protected activity by filing an EEOC complaint against her in December 2016, Baum's mere speculation that Area Director Greg Roy told her of the claim or that she found out through other means is insufficient to show causation.[12]

Baum also failed to establish a causal link because he did not show "unusually suggestive" timing, as around ten months had passed between Baum's initial EEOC contact and his Butler non-selection, and another three months between Baum's second

---

[9] *McDonell Douglas Corp. v. Green*, 411 U.S. 792 (1973).
[10] *Moore*, 461 F.3d at 342.
[11] *Id.*
[12] *See Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 197 (3d Cir. 2015) ("Daniels cannot justifiably rely on mere speculation that these adverse actors learned of her complaints from other employees in the school district."); *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014) (holding that an inference based on speculation or conjecture does not create an issue of material fact sufficient to survive summary judgment).

round of EEOC activity (after the Butler non-selection) and the Ambridge non-selection. Without more, these gaps are too long to support a causal link.[13]

Given that the timing is not "unusually suggestive," we consider whether the proffered evidence as a whole is sufficient to raise the inference of retaliation. "Among the kinds of evidence that a plaintiff can proffer are intervening antagonism or retaliatory animus, inconsistencies in the employer's articulated reasons for terminating the employee, or any other evidence in the record sufficient to support the inference of retaliatory animus."[14] Baum did not provide any such evidence, nor did he show that the SSA's reasons for its actions were pretextual. .

The District Court's consideration of Baum's inappropriate comments made after his rejections was also proper. Rather than being used for credibility and intent purposes, which would best be left to a jury, the District Court clearly referred to these comments to underscore the non-discriminatory reasons why Baum was not promoted.

Finally, Baum argues that the District Court's grant of summary judgment on his Rehabilitation Act claim was improper as the District Court did not decide whether the SSA failed to accommodate his disabilities or state any reasons for granting summary judgment with respect to this claim. However, the District Court thoroughly and thoughtfully canvassed the relevant record, referred to the Rehabilitation Act claim, and

---

[13] *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007) ("Although there is no bright line rule as to what constitutes unduly suggestive temporal proximity, a gap of three months between the protected activity and the adverse action, without more, cannot create an inference of causation and defeat summary judgment.").
[14] *LeBoon*, 503 F.3d at 232–33.

correctly concluded that "[t]here is not one whiff of evidence that Plaintiff was passed over, or demoted, because of a disability or in retaliation for having filed EEO charges."[15] Baum's Rehabilitation Act argument focused *entirely* on his non-selections for the promotions, which the District Court adequately addressed.

## IV.

For these reasons, we will affirm the judgment of the District Court.

---

[15] Appx. 7.